STATE OF INDIANA ON THE RELATION OF: NICK KROCHTA, AS AND CONSTITUTING THE CLERK, LAKE COUNTY CIRCUIT COURT; LAKE COUNTY ELECTION BOARD, J. J. FORSZT, STANLEY OLSZEWSKI, MARTIN BEHNKE, AS AND CONSTITUTING THE LAKE COUNTY COMMISSIONERS, JOSEPH C. BARAN, WILLIAM I. BIELSKI, JR., GERALD J. MAZUR, RICHARD J. BLASTICK, FRANK H. PERRY, SYDNEY E. GARNER, JAMES MUNDELL, AS AND CONSTITUTING THE LAKE COUNTY COUNCIL, RELATORS *v.* THE

SUPERIOR COURT OF LAKE COUNTY, CIVIL DIVISION, ROOM FOUR SITTING AT GARY AND THE HONORABLE JAMES T. MOODY AS JUDGE OF SAID COURT, RESPONDENTS.

[No. 474S83. Filed August 1, 1974.]

*Donald L. Jackson, Robert G. Weddle,* of Indianapolis, and, of counsel, *Joseph L. Skozen,* of Munster, *Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, *Bingham, Summers, Welsh & Spilman,* of Indianapolis, for relators.

*Thomas V. Barnes, Douglas M. Grimes, Alton Gill, Jr.,* all of Gary, for respondents.

ORIGINAL ACTION

GIVAN, J.—Relators seek a writ of prohibition and mandate to require the respondent court to vacate and expunge from its records all orders, rulings, judgments, citations and decrees of any kind issued or pronounced since the date of the filing of their motion for change of judge on March 18, 1974, in a cause captioned State of Indiana on the Relation of Julian B. Allen et al. v. Honorable Otis Bowen et al., cause No. 474-366 in respondent court. Relators further ask this Court to mandate respondents to grant said motion for change of venue and to prohibit respondents from proceeding further in said cause.

The following pertinent facts are presented:

On February 27, 1974, a class action for mandate and damages was filed in respondent court to require the Commission on County Redistricting to comply with the statute, IC 17-1, and to mandate that the Primary Election of 1974

be conducted in accordance with the above law. On the same date the relators below moved that the court order respondents below to answer their complaint within ten days, which motion was granted. After a continuance, motions to dismiss were filed. A hearing on the motions was set for March 15, 1974.

. On March 15, 1974, the motions to dismiss were withdrawn. A hearing on the merits was had as to the respondent state officers and the cause was continued as to respondent county officers, who are the relators in the cause before this Court. Trial was set as to the respondent county officers for March 19, 1974.

On March 18, 1974, the respondents in the court below, who are the relators in this Court, filed their unverified motion for change of venue from the judge. On March 19, 1974, they objected to the setting of the cause for trial.

On March 25, 1974, the cause was reassigned for trial on all issues not yet submitted and for hearing on all pending motions for March 28, 1974. On March 25 J. J. Forszt intervened in his personal capacity with leave of court, objected to the setting of the cause for trial and moved for a change of venue from the judge.

Respondents below on March 27, 1974, reinstated their objections to the setting of the cause for trial.

On March 28, 1974, the trial court heard argument on the motion for change of venue from judge and denied the same. Proceedings were continued until April 3, 1974.

On April 1, 1974, the respondent county officers below moved for a stay of proceedings.

On April 3, 1974, Del Marae Williams moved for leave to withdraw as a relator, which motion was granted. On the same day relators filed a notice of dismissal as to respondents Lake County Council and Lake County Commissioners. An entry of April 3, 1974, in the minutes of the court below reads as follows:

"Come now the Relators, Julian B. Allen, et al. in person and by their attorneys, Hilbert L. Bradley, Thomas V. Barnes, Alton Gill, Jr., and Douglas M. Grimes. Respondents, after having been adequately, duly and sufficiently given timely notice of said hearing on March 28, 1974, by this Court, wilfully failed to appear. Cause submitted for hearing on all pending motions, on all issues remaining to be tried and upon Motion filed for and on behalf of J. J. Forszt by counsel, Bernard M. Tetek, on March 25, 1974. Cause further submitted on Relators Amended Verified Complaint and on all pending motions. Evidence heard and considered the allegations and evidence are ruled upon as follows:

"The Court, having heard and considered the allegations and evidence now finds for Relators and against Respondents and that an emergency exists.

"The Court further finds that an Order of Mandate should be issued immediately as prayed for in said complaint to the Lake County Election Board, and Nick Krochta, as and constituting Clerk, Lake Circuit Court.

"ALL OF WHICH IS ORDERED THIS THIRD (3rd) DAY OF APRIL, 1974. Order Per form, Judgment Accordingly."

On April 5, 1974, respondents below moved for a stay of the order of court entered on April 3, 1974, which motion was denied.

On April 8, 1974, relators in this cause filed with the Administrator of this Court their petition for an alternative writ of mandate and prohibition. This matter was heard by this Court on April 15, 1974. Following the hearing, the parties were informed that the writ would not be issued by this Court. However, on that day relators filed their petition with the Clerk of this Court.

Relators argue that all action taken by the respondent court after the filing of their motion for change of venue from the judge on March 18, 1974, was a nullity because the change of venue was mandatory pursuant to IND. RULES OF PROC., Rule TR. 76(1).

Relators further contend that they could not be deemed to have waived their right to a change of judge for the reason

that there was no order book entry for March 15, 1974, revealing that the cause was set for trial on March 18, 1974.

On March 15, 1974, following the hearing on the motions to dismiss, trial was begun as to some of the respondents in the trial court. Other respondents in the trial court were granted a continuance until March 18. No objection was made at that time to the commencement of the trial. Thus, at that time the right to an automatic change of venue from the judge was forfeited under Rule TR. 76 (7). Relators here, respondents below, had actual knowledge of the setting of the cause for trial.

We would further observe that relators have not been diligent in seeking their extraordinary remedy from this court. Their motion for change of judge was denied on March 28, 1974. The cause proceeded to trial and judgment on April 3, 1974. Relators did not file their petition with this Court until April 8, 1974. Section (A) of the Rules for Original Actions provides:

"Original actions for writs are viewed with disfavor. Counsel will not be allowed to use such writs as a vehicle for circumventing the normal appellate process. Writs will be granted only when a denial would result in extreme hardship."

Relators' proper remedy at this time is by way of an appeal.

For the foregoing reasons, the writ is denied.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 314 N.E.2d 740.